UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD M MCKIRE,

    Petitioner,

vs.    Case No. 2:10-cv-388-FtM-99DNF

SECRETARY, DOC; FLORIDA ATTORNEY GENERAL,

    Respondents.[1]

_____/

## OPINION AND ORDER

I.

This matter comes before the Court upon review of Petitioner Gerald Mckire's *pro se* Petition for Writ of Habeas Corpus filed

---

[1] Respondent correctly notes that the Florida Attorney General is improperly named as a Respondent. Response at 1, fn. 1. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 436 (citations to other authorities omitted). Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent. Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945). Because Petitioner is challenging 2 disciplinary reports, the proper Respondent in this action is the Secretary of the Florida Department of Corrections. Thus, the Florida Attorney General will be dismissed from this action.

pursuant to 28 U.S.C. § 2254 (Doc. #1, Petition).[2] Petitioner, who is an inmate serving a life sentence, challenges two prison disciplinary actions stemming from two separate incidents, which occurred on March 13, 2008, and March 27, 2008, respectively, at Charlotte Correctional Institution. The Petition raises five grounds for relief under the Due Process Clause: (1) the disciplinary report was written in retaliation for Petitioner filing an inmate grievance; (2) Petitioner's request for a polygraph was denied; (3) the disciplinary hearing teams were impartial; (4) the Department of Corrections violated its own rules by charging two separate violations in a single disciplinary report; and, (5) false disciplinary charges were written to cover up the assault/battery committed on Petitioner. See generally Petition; Memorandum.[3] As relief, Petitioner seeks expungement of the disciplinary reports and restoration of the good time credits revoked. Id. at 14.

Respondent filed a Response to the Petition (Doc. #10, Response) and attached exhibits (Doc. #10-1 - #10-32, Exhs. A-FF)

---

[2]Petitioner files his Petition on the Court's standard § 2254 form. The Petition, however, is properly classified as filed pursuant to both § 2241 and § 2254, because Petitioner is in custody pursuant to a state court judgment, but is challenging disciplinary action during incarceration. Medberry v. Crosby, 351 F.3d 1049, 1059-1060 (11th Cir. 2003).

[3]The Petition raises a fourth ground for relief, which appears duplicative of the third ground for relief. The Court presumes Petitioner challenges the partiality of both the March 18 and April 4 disciplinary hearings.

in support. In summary, Respondent points to the State court order denying Petitioner relief, noting that this order is entitled to deference. Respondent also argues that the Petition should be dismissed because Petitioner has no liberty interest in lost gain time because he is serving a life sentence. Response at 11-14. Alternatively, Respondent argues that Petitioner was afforded all the due process required under Wolff v. McDonnell, 418 U.S. 539 (1974). Id. at 18. Additionally, Respondent argues that the Petition is moot with regard to the March 27 disciplinary report because Petitioner only received disciplinary confinement and is no longer in disciplinary confinement. Id. at 16. Petitioner filed a Reply (Doc. #11, Reply). This matter is ripe for review.

II.

On March 13, 2008, correctional officer Bussell charged Petitioner with spoken threats in disciplinary log number 510-080702. Exh. A at 1. Specifically, the report stated:

> ON 3-13-08 WHILE ASSIGNED AS MENTAL HEALTH OFFICER OF B-DORM. [sic] I WAS CONDUCTING A SECURITY CHECK OF B-DORM AT APPROXIMATELY 11:07 AM IN QUAD 3 WHEN I APPROACHED CELL B-4-110 SOLELY OCCUPIED BY INMATE MCKIRE, GERALD D.C. # 181912. I ORDERED INMATE MCKIRE TO REMOVE HIS TOWEL FROM HIS WINDOW, INMATE MCKIRE REPLIED 'F[] YOU F[] BOY YOU WANT THIS TOWEL YOU COME AND GET IT B[]". I ONCE AGAIN ORDERED INMATE MCKIRE TO REMOVE THE TOWEL FORM HIS WINDOW HE REPLIED. [sic] "COME IN THIS CELL AND GET IT, I WANT A CHANCE TO F[] YOU UP ANYWAY SALTINE A[]". I THEN TOLD INMATE MCKIRE HE WOULD BE RECEIVING A D.R. FOR 1-3 SPOKEN OR WRITTEN THREATS. MCKIRE STATED "YOU WANT

>  ME F[] YOU UP LIKE I DID THE C.O. IN SANTA ROSA DON'T YOU B[]."[4]

Exh. A at 1. Petitioner was provided notice of the charges and notice of the upcoming disciplinary hearing. The investigation of the report occurred on March 17, 2008, and Petitioner claimed that the disciplinary report was false and requested to take a lie detector test. Exh. B at 1. Petitioner further alleged that the videotape footage would confirm that correctional officer Bussell was not near his cell at the time of the alleged incident. Exh. C at 1; Exh. E at 1. A disciplinary hearing was held on March 18, 2008. Id. Petitioner was given an opportunity to identify witnesses and have staff assistance, which he declined and plead not guilty. Id. at 1-2. The disciplinary team found Petitioner guilty based on officer Bussell's statement and the videotape footage that confirmed Bussell was at Petitioner's cell at the time of the incident. Id. at 2. Petitioner received 90 days loss of gain time and 30 days disciplinary confinement. Id.

On March 27, 2008, correctional officer Gonnelly charged Petitioner with attempted assault in disciplinary log number 510-080843. Exh. J at 1. Specifically, the report stated:

> ON 3/27/08 AT APPROXIMATELY 9:30 AM, WHILE ASSIGNED AS A B-DORMITORY RECREATION OFFICER, I WAS ESCORTING INMATE MCKIRE, GERALD DC #181912, WHO WAS HANDCUFFED BEHIND HIS BACK, FROM OUTSIDE RECREATION TO HIS ASSIGNED CELL, B4-110. WHILE WERE IN THE B-DORMITORY 3-4 SIDE SALLYPORT, INMATE MCKIRE BECAME ARGUMENTATIVE AND TURNED IN AN

---

[4]Expletive language omitted.

>       AGGRESSIVE MANNER AND ATTEMPTED TO GRAB ME IN THE GROIN
>       AREA. I GAVE INMATE MCKIRE SEVERAL VERBAL ORDERS TO
>       CEASE HIS BEHAVIOR, TO NO AVAIL AS HE ONCE AGAIN
>       ATTEMPTED TO GRAB ME IN THE GROIN AREA. AT THIS TIME
>       FORCE WAS UTILIZED TO KEEP INMATE MCKIRE FROM ASSAULTING
>       ME.

Exh. J at 1. Petitioner was provided notice of the charges and upcoming disciplinary hearing. Exh. K at 1. An investigation occurred on April 1 and Petitioner claimed that the report was false. Exh. K; Exh. L at 1. A disciplinary hearing was held on April 4, 2008, at which Petitioner identified no witnesses and plead not guilty. Exh. J. The disciplinary team found Petitioner guilty based on correctional officer Gonnely's statement and sentenced Petitioner to 60 days disciplinary confinement. Id. Petitioner completed his service of disciplinary confinement for both disciplinary reports on June 13, 2008. Exh. O.

Petitioner pursued his administrative remedies at the institution by filing inmate grievances. Exhs. F-I. Petitioner also pursued his remedies before the State court by filing a pleading construed by the court to be either a petition for writ of mandamus or a petition for writ of habeas corpus concerning the disciplinary infractions. Exh. P. Upon review of the petition and the response, the State court denied Petitioner relief, finding in pertinent part, that Petitioner was provided all requisite due process under Wolff.[5] See generally Exh. V. Petitioner appealed

---

[5]Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974).

the adverse decision, and the appellate court *per curiam* affirmed the circuit court's decision. Exh. Y.

## III.

Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of

the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court held that although "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full

panoply of rights due a defendant in such proceedings does not apply," a prisoner had a protected liberty interest in statutory good time credits, and thus had a constitutional right to procedural due process in a disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974). The Supreme Court outlined the specific procedures that prison disciplinary panels must comply with to satisfy procedural due process in a prison setting. Id. at 556. In particular, Wolff instructed that prisoners must receive: (1) advance written notice of the charges against them; (2) an opportunity for the prisoner to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and, (3) a written statement by the fact finder outlining the evidence relied on and the reasons for the disciplinary action. Id. at 563-67. Inmates do not "have a right to either retained or appointed counsel in disciplinary hearings." Id. at 570. As a caveat, where a disciplinary action involves an illiterate inmate, or when the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, the inmate should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff. Id. The Due Process Clause also does not entitle inmates use of a polygraph test in a prison disciplinary proceeding. Younger v. Saffle, 153

F.3d 730 (10th Cir. 1998)(finding no constitutional right to use of polygraph in a prison disciplinary proceeding); <u>Kemison v. Knight</u>, 244 F. App'x 39, 41 (7th Cir. 2007)(unpublished)(citing <u>Freitas v. Auger</u>, 837 F.2d 806, 812 n. 13 (8th Cir. 1988)); <u>cf</u> <u>Lockamy v. Carrillo</u>, 432 F. App'x 283, 286 (5th Cir. 2011)(prisoner plaintiff not entitled to polygraph exam in civil trial).

In <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985), the Supreme Court again addressed the requirements of procedural due process in the prison setting involving disciplinary actions. In <u>Hill</u>, the Supreme Court held that the revocation of good time credits only satisfies minimal standards of procedural due process if "the findings of the prison disciplinary board are supported by <u>some</u> evidence in the record." <u>Id.</u> at 454 (emphasis added). The Court further explained that "[a]scertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." <u>Id.</u> at 455. Rather, the Supreme Court held that "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> at 455-56.

With this precedent in mind, however, under Florida law an inmate serving a life sentence is not eligible to earn gain time, or incentive gain time. Fla. Admin. Code. 33-603.402(1)(a)(5)(discussing gain time); Fla. Stat. § 944.275 (explaining how gain time is earned by prisoners serving a "term of

years."). Thus, in Florida an inmate serving a life sentence has no liberty interest in lost gain time. <u>Osterback v. Crosby</u>, Case No. 4:01-cv-76-WS, 2004 WL 964139 *4 (M.D. Fla. March 25, 2004); <u>Batie v. McDonough</u>, Case No. 1:06-cv-62-MP-AK, 2009 WL 1490683 *3 (N.D. Fla. May 22, 2009).

### A. March 27 Disciplinary Claim

The Court finds Petitioner's claims regarding the March 27 disciplinary report are moot. Petitioner only received 60 days in disciplinary confinement as a result of the March 27 infraction. Petitioner completed his time in confinement before he filed the instant Petition. "Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" <u>Chafin v. Chafin</u>, 133 S. Ct. 1017, 1023 (2013). This case or controversy requirement must be present through all stages of federal judicial proceedings. <u>Id.</u> A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." <u>Knox v. Serv. Emps.</u>, 567 U.S. ___, ___, 132 S. Ct. 2277, 2287 (2012)(internal quotation marks omitted). The Eleventh Circuit Court of Appeals has found that a habeas petition alleging constitutional issues in a disciplinary proceeding is moot when filed if, at the time of filing, the prisoner has already completed the term of disciplinary confinement and cannot be revived by collateral consequences, unless the prisoner can show that the disciplinary proceeding affected the length of his sentence. <u>Medberry</u>, 351 F.3d at 1053; <u>Preiser v. Rodriquez</u>, 411

U.S. 475, 489 (1973). Petitioner cannot show that the proceeding affected the length of his sentence because he is serving a life sentence. As stated above, Petitioner finished serving his time on disciplinary confinement years _before_ he initiated this action. Consequently, to the extent grounds five and six only pertain to the March 27 disciplinary infraction, these grounds are dismissed as moot.

B. **March 13 Disciplinary Claim**

As a result of the March 13 disciplinary infraction for threats against a correctional officer, Petitioner received 30 days disciplinary confinement and had 90 days of gain time taken away. The State court denied Petitioner relief on this claim finding that Petitioner was afford all the requisite due process under Wolff. Exh. V.

Claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, are within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973). In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the conditions of prison life, but not the fact or length of the custody. Id. at 499.

Although Petitioner was "technically" sanctioned with a loss of good time credits, Petitioner cannot demonstrate that the sanction affected the length or duration of his sentence because he

is serving a life sentence. <u>Supra</u> at 9-10. Thus, Petitioner cannot demonstrate a protected liberty interest and is not entitled to habeas relief. <u>See</u> <u>Stewart v. Fed. Bureau of Prisons</u>, 378 F. App'x 872, 873 (11th Cir. 2010)(reaffirming that court lacks jurisdiction to grant habeas relief unless relief affects physical confinement which supplies the necessary custody requirement). Consequently, the claims seeking relief from the March 13 disciplinary infraction are due to be dismissed as improperly raised in a habeas petition.

In the alternative, the Court finds the State court's decision denying Petitioner relief was neither contrary to or an unreasonable application of <u>Wolff</u>. The State court's finding of fact was a reasonable determination based upon the evidence. Petitioner was afforded procedural due process consistent with the safeguards set forth in <u>Wolff</u>. Petitioner received written notice of the charges against him. Petitioner also received notice of the hearing and advised of his rights in connection with the same. The disciplinary hearing occurred on March 18, providing Petitioner with adequate time to prepare a defense. Petitioner was provided the opportunity to call witnesses, but chose not to call any witnesses. Petitioner was afforded the opportunity to request the assistance of a staff representative during the disciplinary process, but declined assistance. Finally, Petitioner was provided with written findings of fact explaining the basis the disciplinary team's determination. Based on the record, Petitioner was

afforded the requisite Due Process under Wolff and Hill. The findings of the prison disciplinary team are supported by some evidence in the record, specifically Officer Bussell's statement and videotape footage. As set forth above, the Due Process Clause does not require that Petitioner be provided a lie detector test. Younger, 153 F.3d 730; Kemison, 244 F. App'x at 41; cf Lockamy, 432 F. App'x 283 at 286. Petitioner cannot demonstrate how Lieutenant Aldermann, a disciplinary team member, rendered the team impartial. The allegations against Petitioner were lodged by correctional officer Bussell. Officer Bussell did not investigate the charges. Officer Bussell did not preside over the disciplinary hearing. The disciplinary hearing officer was correctional officer Bocknor. Consequently, Grounds One, Two, Three, and Four are denied on the merits.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Florida Attorney General is dismissed from this action as an improperly named Respondent.

2. The Petition for Writ of Habeas Corpus will be **DISMISSED** as moot with respect to the March 27 disciplinary infraction, and, **DENIED** on the merits with respect to the March 13 disciplinary infraction.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Orlando, Florida, on this ___ day of April, 2013.

```
                        G. KENDALL SHARP
                 SENIOR UNITED STATES DISTRICT JUDGE
```

SA: alj
Copies: All Parties of Record